Jennifer M. Lantz (SBN: 202252)
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA 94304-1194
Tele: 650.847.4150
Fax: 650.847.4151
Email: JMLantz@duanemorris.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

FASHIONCRAFT-EXCELLO LLC,

               Plaintiff,

    v.

BG WHOLESALE INC.; BG WHOLESALE TRADING INC.;

               Defendants.

Case No.:

**COMPLAINT AND JURY DEMAND**

Plaintiff Fashioncraft-Excello LLC ("Fashioncraft" or "Plaintiff"), by its undersigned attorneys, Duane Morris LLP, brings this suit against defendants BG Wholesale Inc. and BG Wholesale Trading Inc. (collectively referred to as "BG Wholesale" or "Defendants"), and for its Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1.    This is a case for trademark infringement in violation of Sections 32 and 43 of the Lanham Act (15 U.S.C. §§ 1114 and 1125), copyright infringement in violation of 17 U.S.C. §§ 106 and 501, and unfair competition pursuant to California state law. Fashioncraft seeks compensatory damages, or in the alternative statutory damages, in an amount to be established at trial.

**PARTIES**

1.      Plaintiff Fashioncraft is a limited liability company organized and existing under the laws of the State of New York with a principal address of 5050 Veterans Memorial Highway, Holbrook, New York, 11741.

2.      Upon information and belief, and after a diligent and reasonable search, Defendant BG Wholesale Inc. is an inactive corporation organized and existing under the laws of California with a principal and mailing address of 313 Boyd Street, Los Angeles, California 90013 and another affiliated address of 330 E 4th Street, Los Angeles California 90013. Ying Zhou is listed as the agent for service for this defendant.

3.      Upon information and belief, and after a diligent and reasonable search, Defendant BG Wholesale Trading Inc., is an inactive corporation organized and existing under the laws of California with a principal and mailing address of 313 Boyd Street, Los Angeles, California 90013. Feng Qing Chen is listed as the agent for service for this defendant.

4.      Upon information and belief, and after a diligent and reasonable search, email addresses associated with BG Wholesale include bgglassinc@gmail.com, gracechen0331@gmail.com and chhabc@gmail.com, and the phone number associated with BG Wholesale is 626-267-9515.

**JURISDICTION AND VENUE**

5.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq., and 15 U.S.C. § 1121 under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and under 28 U.S.C. §§ 1331 and 1338.

6.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a) and (b).

7.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, specifically due to Defendants being subject to general personal jurisdiction in this district and voluntarily transacting business herein, including offering and selling products in and to this district.

**FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION**

**A.      Fashioncraft's Business and Intellectual Property Rights**

8.      Fashioncraft is a well-known and a favorably regarded importer and distributor that offers more than 1000 different unique, high quality wedding, event and novelty gifts and party favors. It sells products both to wholesale purchasers and retail consumers directly and through an e-commerce store available at www.fashioncraft.com.

9.      Fashioncraft is headquartered in New York and routinely attends trade shows across the county, including Champs Las Vegas, where it advertises, promotes, and sells its products. These products include, among other things, wedding favors, baby shower favors, religious favors, as well as products for use with smoking. Fashioncraft's products for smoking in recent years have gained considerable popularity, often selling out and constantly being sought after.

10.      The smoking products take the form of pipes, combination mugs and pipes, and assorted other variations of goods for smoking that consist of original and creative designs. As part of its business, Fashioncraft has obtained federal trademark and copyright registrations for a variety of its pipes and combination mug/pipe smoking products.

11.      On August 28, 2019, Fashioncraft obtained U.S. Copyright Registrations for both sculpture, Reg. No. VA0002173097, and visual art (photograph), Reg. No. VA000217310, for its Retro Vintage Bus Pipe, as shown below (hereinafter the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"Retro Bus"). The Retro Vintage Bus Pipe has been sold since August 2019 and to date Fashioncraft has sold over 28,700 units. True and accurate screenshots of the Retro Vintage Bus Pipe from the Fashioncraft website and related Copyright Registration records are attached hereto as **Exhibit A**.



12.     On April 12, 2022, Fashioncraft obtained U.S. Copyright Registrations for both sculpture, Reg. No. VA2295455, and visual art (photograph), Reg. No. VA002295171 for its Pineapple Combination Mug/Pipe, as shown below (hereinafter the "Pineapple Mug/Pipe"). The Pineapple Combination Mug/Pipe has been sold since March 2021 and to date Fashioncraft has sold over 8,200 units. True and accurate screenshots of the Pineapple Combination Mug/Pipe from the Fashioncraft website and related Copyright Registration records are attached hereto as **Exhibit B**.



13.    On April 12, 2022, Fashioncraft obtained a U.S. Copyright Registration for visual art (photograph), Reg. No. VA0002295175 in its Eggplant Pipe, as shown below (hereinafter the "Eggplant Pipe"). The Eggplant Pipe has been sold since October 2020 and to date Fashioncraft has sold over 8,300 units. True and accurate screenshots of the Eggplant Mug/Pipe from the Fashioncraft website and related Copyright Registration records are attached hereto as **Exhibit C**.



14.    On July 19, 2018 Fashioncraft obtained a U.S. Copyright Registration for visual art (photograph), Reg. No. A0002111433 in the stylized Premium Roast & Toast logo, as shown below (hereinafter the "Premium Roast & Toast Logo"). The Premium Roast & Toast Logo is displayed on a number of Fashioncraft's products including the race car pipe ("Race Car Pipe") shown below. The Premium Roast & Toast Logo has been used since August 31, 2017. Fashioncraft has sold over 2,400 units of the Race Car Pipe since it was first offered October 5, 2022. True and accurate screenshots of the Race Car Pipe from the Fashioncraft website and related Copyright Registration records are attached hereto as **Exhibit D**. (Collectively, the Retro Vintage Bus Pipe, Pineapple Combination Mug/Pipe, Eggplant Pipe, and Premium Roast & Toast Logo are referred to as the "Copyrighted Works.")

15.    Combined, the Copyrighted Works have resulted in total revenue over $325,000 for Fashioncraft.

16.    By way of its U.S. Copyright Registrations in the Copyrighted Works, the U.S. federal government has acknowledged the Retro Vintage Bus Pipe, Pineapple Combination Mug/Pipe, Eggplant Pipe, and Premium Roast & Toast Logo consist of original works of authorship that are fixed in tangible mediums of expression.

17.    On December 10, 2019, Fashioncraft obtained U.S. Trademark Registration No. 5,930,272 for the mark PREMIUM ROAST & TOAST for "Coffee cups, tea cups and mugs, which include a combined smoking pipe bowl, none of the foregoing for use with consuming cannabis" in Class 21 on the Principal Register. The PREMIUM ROAST & TOAST mark claims a date of first use of at least as early as August 31, 2017.

18.    The PREMIUM ROAST & TOAST mark is registered as a word mark in standard characters (block letters), without any logo and not in any stylized typeface. A printout from the U.S. Patent and Trademark Office's ("PTO") online database depicting U.S. Registration No. 1,648,793 is attached hereto as **Exhibit E**.

19.     Fashioncraft has maintained and continues to maintain the highest standards of quality in designing and selling the products and images represented in and by the Copyrighted Works and offered under its PREMIUM ROAST & TOAST mark.

**B.     Defendant' BG Wholesale's Business**

20.     Upon information and belief, BG Wholesale controls, operates, and owns a wholesale business under the trade name BG Wholesale that carries products for use with smoking including ceramic pipes, lighters, hookahs and vaporizers.

21.     Upon information and belief, BG Wholesale as part of its business attends trade shows, including the Champs Trade Show in Las Vegas, Nevada, which recently took place in February 2023, and where BG Wholesale had a booth on the exhibition floor. *See* Exhibit F, for a true and accurate screenshot of the exhibition floor map from the Champs Trade Show website, and Exhibit G, for a true and accurate photograph of a BG Wholesale business card obtained from the BG Wholesale booth at the Champs Trade Show.

22.     As part of its business BG Wholesale maintains and operates a wholesale distribution business with an address of 330 East 4th Street, Los Angeles California 90013 and an Instagram account with the account handle @Bgwholesalela. *See* Exhibit H for true and accurate screenshots from the BG Wholesale Instagram account.

**D.     BG Wholesale's Infringing Activities**

23.     On or about April 11, 2022, Fashioncraft became aware that a third party was selling products that appeared to infringe Fashioncraft's exclusive rights in the Copyrighted Works. Specifically, this entity was offering for sale and selling products infringing the Copyrighted Works including: (1) 7" Hippie Bus Ceramic

Novelty Hand Pipe; (2) Egg Plant Novelty Pipe; and (3) 3.5" Pineapple Mug Novelty Ceramic Pipe.

24.    After a reasonable investigation of the these products, it was apparent that the Infringing Products were identical and substantially similar to the products and images set forth in the U.S. Copyright Registrations associated with the Copyrighted Works, as shown by the below comparisons.

| Retro Vintage Bus Pipe (Reg. No. VA0002173097, sculpture and Reg. No. VA000217310, photograph) | 7" Hippie Bus Ceramic Novelty Hand Pipe (Infringing Product) |
|---|---|
|  |  |

| Eggplant Pipe (Reg. No. VA0002295175, photograph) | Egg Plant Novelty Pipe (Infringing Product) |
|---|---|

| Pineapple Combination Mug/Pipe (Reg. No. VA2295455, sculpture and Reg. No. VA002295171, photograph) | 3.5" Pineapple Mug Novelty Ceramic Pipe (Infringing Product) |
|---|---|
|  | |

25.     As part of that investigation, Fashioncraft was informed that this third party and others had purchased the products infringing the Copyrighted Works from BG Wholesale, as confirmed by Fashioncraft's counsel who had obtained copies of invoices and information confirming this fact.

26.     Based on this information, Fashioncraft, through its counsel, sent BG Wholesale a cease and desist letter on June 2, 2022 advising them of Fashioncraft's rights in the Copyrighted Works. This letter was sent via email and FedEx. Attached hereto as Exhibit I is a true and accurate copy of the letter dated June 2, 2022.

27.      Though a response was requested by June 7, 2022, to date, neither Fashioncraft nor its counsel have received a response from BG Wholesale.

28.     Fashioncraft, through its counsel, sent an additional cease and desist letter on November 9, 2022 to BG Wholesale again advising them of Fashioncraft's rights in the Copyrighted Works. This letter was sent via email and FedEx. Attached hereto as Exhibit J is a true and accurate copy of the letter dated November 9, 2022.

29.     Though a response was requested by November 16, 2022, to date, neither Fashioncraft nor its counsel have received a response from BG Wholesale.

30.     At the Champs Trade Show in February 2023 that took place in Las Vegas, Nevada, Mark Wells of Fashioncraft observed BG Wholesale's booth and that

they were selling a race car pipe bearing the PREMIUM ROAST & TOAST trademark and Premium Roast & Toast Logo.

31.    Upon a reasonable investigation, it became readily apparent to Fashioncraft that BG Wholesale was displaying and offering for sale a race car pipe that was (1) identical and substantially similar to Fashioncraft's Race Car Pipe, (2) using an infringing Premium Roast & Toast Logo, and (3) was using an infringing PREMIUM ROAST & TOAST trademark as shown in the below comparison.

| Race Car Pipe as sold by Fashioncraft | Infringing Race Car Pipe Displayed and Offered for Sale by BG Wholesale |
|---|---|
|  |  |

*See* Exhibit **K**, a true and accurate photo taken of the BG Wholesale booth at the Champs Tradeshow in Las Vegas, Nevada in February 2023. (Hereinafter the (1) 7" Hippie Bus Ceramic Novelty Hand Pipe; (2) Egg Plant Novelty Pipe; (3) 3.5" Pineapple Mug Novelty Ceramic Pipe; and (4) Race Car Pipe, collectively the "Infringing Products").

32.    Upon information and belief, Defendants' actions were done intentionally, with actual and constructive knowledge of Fashioncraft's business, PREMIUM ROAST & TOAST mark, and the Copyrighted Works. Even after

Fashioncraft sent multiple cease and desist letters, BG Wholesale continued to sell, and to date, still is offering for sale and selling the Infringing Products.

33. Defendants' unauthorized uses and sales of the Infringing Products are likely to mislead consumers into believing that Defendants' Infringing Products are sponsored, licensed, approved by, and/or are otherwise associated or affiliated with, Fashioncraft and its PREMIUM ROAST & TOAST mark and Copyrighted Works, which they are not.

34. Upon information and belief, Defendants adopted and commenced use of, use, and plans to continue to sell and offer the Infringing Products with the intent and purpose of trading upon the extensive goodwill built up by Fashioncraft in its PREMIUM ROAST & TOAST mark and Copyrighted Works and to reap the benefits of the years of effort invested by Fashioncraft to create public recognition of the Copyrighted Works and PREMIUM ROAST & TOAST mark.

35. Upon information and belief, Defendants' actions were done in bad faith, especially based on the fact that Defendants were aware of the PREMIUM ROAST & TOAST mark and Copyrighted Works and willful actions of continuing to sell the Infringing Products even after being sent cease and desist letters.

36. To date, Defendants have not responded or acknowledged Fashioncraft's communications or requests to try and amicably resolve this matter.

37. Defendants have engaged and continue to engage in deliberate and willful infringement of Fashioncraft's exclusive rights in and to the PREMIUM ROAST & TOAST mark and Copyrighted Works.

38. Defendants' conduct constitutes trademark infringement, copyright infringement and unfair competition in violation of federal, state and common law. Under the applicable federal and state statutes, Fashioncraft is entitled to not only

immediate and permanent injunctive relief against Defendants' continued infringement, but also to recovery of profits and heightened damages.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, *et seq*.)

39.     Fashioncraft realleges paragraphs 1 through 38 above and incorporates them by reference as if fully set forth herein.

40.     The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.  Fashioncraft is the sole and exclusive owner of the copyrights in the Copyrighted Works, including without limitation the right to sue for infringement.

41.     Fashioncraft timely registered the Copyrighted Works with the U.S. Copyright Office and has common law copyright protection in the Copyrighted Works that date back at least three years.

42.     Defendants' reproduction, distribution, and public display of identical copies of the Copyrighted Works demonstrates that Defendants had access to the Copyrighted Works as used and offered by Fashioncraft prior to its commencement of infringing activities with the Infringing Products.

43.     By its actions set forth above, Defendants have infringed and violated Fashioncraft's exclusive rights in the Copyrighted Works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

44.     Defendants' infringement of the Copyrighted Works has been willful and deliberate, or at a minimum in reckless disregard of Fashioncraft's exclusive rights in the Copyrighted Works, and Defendants have sought to profit from their infringing conduct at the expense of Fashioncraft.

45.     As a direct and proximate result of Defendants' infringement of Fashioncraft's exclusive rights in the Copyrighted Works, Fashioncraft is entitled to

recover its actual damages resulting from Defendants' unauthorized and uncompensated commercial uses of the Copyrighted Works, and in addition, Fashioncraft is entitled to recover disgorgement of Defendants' profits connected to revenues earned from customers while Defendants displayed and distributed the Infringing Products, pursuant to 17 U.S.C. § 504(b).

46.    In the alternative, and at Fashioncraft's election to be made any time prior to entry of final judgment, Fashioncraft is entitled to an award of statutory damages to be determined by a jury, up to a maximum amount of $150,000 per each infringed copyright registration, as a result of Defendants' willful infringement of the Copyrighted Works, or up to a maximum amount of $30,000 per each infringed copyright registration if the jury determines Defendants' infringements were not willful, pursuant to 17 U.S.C. § 504(c).

47.    Fashioncraft is entitled to an award of its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.  Fashioncraft is further entitled to pre-judgment interest for any recovery of damages.

48.    Defendants' conduct, including without limitation its knowing violation of Fashioncraft's exclusive copyrights, and its repeated refusal to substantively respond to various demand letters and requests for information it received from Fashioncraft and its counsel, has caused, and any continued infringing conduct will continue to cause, irreparable injury to Fashioncraft unless enjoined by this Court. Fashioncraft has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Fashioncraft is entitled to a permanent injunction prohibiting infringement of Fashioncraft's exclusive rights under copyright law.

## COUNT II

## Vicarious and/or Contributory Copyright Infringement

49.     Fashioncraft realleges the allegations set forth paragraphs 1 through 48 above and incorporates them by reference as if fully set forth herein.

50.     Fashioncraft, on information and belief, and on that basis alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Copyrighted Works.

51.     Defendants are vicariously liable for the infringements alleged above because, on information and belief, they had the right and ability to supervise the infringing conduct, and did in fact exercise that right, and because they had a direct financial interest in the infringing conduct.

52.     By reason of Defendants' acts of contributory and vicarious infringement as alleged above, Fashioncraft has suffered and will continue to suffer substantial damages to its business.

53.     On information and belief, Defendants' knew that the acts alleged above infringed Plaintiff's copyrights, or it acted with reckless disregard for, or willful blindness to, Plaintiff's rights under the Copyright laws. Accordingly, Defendants' acts of copyright infringement, as alleged above, are willful, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per work infringed. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## COUNT III

### Federal Trademark Infringement, 15 U.S.C. § 1114

54.     Fashioncraft realleges the allegations as set forth in paragraphs 1 through 53 above and incorporates them by reference as if fully set forth herein.

55.     Fashioncraft owns a valid and protectable federal trademark registration for the PREMIUM ROAST & TOAST trademark, as shown in **Exhibit E**. The PREMIUM ROAST & TOAST trademark as used in commerce has been used continuously in commerce for over five (5) years. The PREMIUM ROAST & TOAST trademark is distinctive by virtue of its inherent and acquired distinctiveness, extensive use, prominence in intended and unsolicited media, and publicity throughout the United States.

56.     As described in detail in paragraphs set forth above, Defendants are advertising, promoting, offering, and selling the Race Car Pipe, and many other products, bearing the PREMIUM ROAST & TOAST mark in the United States.

57.     Upon information and belief, consumers who encounter Defendant's infringing use of the PREMIUM ROAST & TOAST mark are likely to believe that those products and services are sourced from, affiliated with, or associated with Fashioncraft. Thus, Defendants' use of the infringing PREMIUM ROAST & TOAST mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Fashioncraft, or as to the origin, sponsorship, or approval of Defendants goods. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

58.     Defendants' actions are without the authorization or permission of Fashioncraft. Upon information and belief, Defendants chose to provide, sell, advertise, and promote the infringing Race Car Pipe bearing the identical PREMIUM ROAST & TOAST mark with actual knowledge of Fashioncraft's prior use of and

rights in the PREMIUM ROAST & TOAST trademark. Upon information and belief, Defendants chose to provide, sell, advertise, and promote the Race Car Pipe in connection with the PREMIUM ROAST & TOAST mark in commerce with the intent to cause confusion, to cause mistake, or to deceive.

59.    Upon information and belief, Defendants have profited from this infringement.

60.    This is an exceptional case under 15 U.S.C. § 1117(a).

61.    Defendants' willful conduct has caused damage to Fashioncraft in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

62.    In light of the foregoing, Fashioncraft is entitled to injunctive relief, and to recover from Defendants all damages, including lost profits and attorneys' fees, that Fashioncraft has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Fashioncraft is also entitled to an accounting of Defendants' profits resulting from its Lanham Act violations.

## COUNT IV
### Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 125(a)

63.    Fashioncraft realleges the allegations set forth in paragraphs 1 through 62 above and incorporates them by reference as if fully set forth herein.

64.    Defendants' unauthorized uses of the PREMIUM ROAST & TOAST mark in connection with an infringing Race Car Pipe constitute a false designation of origin and a false representation as to the origin of Defendants' goods, are likely to cause confusion, mistake, or deception as to the source of Defendant's infringing Race Car Pipe, and are likely to create the false impression that Defendant's

infringing Race Car Pipe is authorized, sponsored, endorsed, licensed by, or affiliated with Fashioncraft.

65.    Upon information and belief, Defendants chose to provide, sell, advertise, and promote Defendants' infringing Race Car Pipe in connection with the PREMIUM ROAST & TOAST mark with actual knowledge of Fashioncraft's prior use of and rights in the PREMIUM ROAST & TOAST trademark. Upon information and belief, Defendants offered the infringing Race Car Pipe for sale under and/or in connection with the PREMIUM ROAST & TOAST mark, in commerce, with the intent to cause confusion, to cause mistake, or to deceive.

66.    Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.    Defendants' conduct has caused and is causing immediate and irreparable injury to Fashioncraft, and will continue to both damage Fashioncraft and confuse the public unless enjoined by this Court. Fashioncraft has no adequate remedy at law.

## COUNT VI

### State Unfair Competition, Cal. Bus. & Prof. Code § 17200

68.    Fashioncraft realleges the allegations set forth in paragraphs 1 through 67 above and incorporates them by reference as if fully set forth herein..

69.    Defendants' conduct complained of herein is likely to confuse the public as to the origin, source, or sponsorship of the Infringing Products, or to cause mistake or to deceive the public into believing that the Infringing Products are authorized, sponsored, endorsed, licensed by, or affiliated with Fashioncraft, in violation of Fashioncraft's rights in the PREMIUM ROAST & TOAST mark and Copyrighted Works under Cal. Bus. & Prof. Code § 17200.

70.     Upon information and belief, Defendants chose to provide, sell, advertise, and promote the Infringing Products under and/or in connection with the Copyrighted Works and PREMIUM ROAST & TOAST mark with constructive and/or actual knowledge of Fashioncraft prior use of and rights in the Copyrighted Works and PREMIUM ROAST & TOAST mark. The unlawful, unfair, and/or fraudulent business acts and/or practices set forth herein have been undertaken by Defendants willfully with the intention of causing harm to Fashioncraft and for the calculated purpose of misappropriating Fashioncraft's goodwill and business reputation.  By adopting and using the Copyrighted Works and PREMIUM ROAST & TOAST mark, Defendants have been unjustly enriched and Fashioncraft has been damaged.

71.     By misappropriating and trading upon the goodwill and business reputation represented by the Copyrighted Works and PREMIUM ROAST & TOAST trademark, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Fashioncraft's expense.

72.     As a direct and proximate result of Defendants' wrongful conduct, Defendants have profited, and will continue to profit, from the strength of the Copyrighted Works and PREMIUM ROAST & TOAST mark.

73.     As a direct and proximate result of Defendants' wrongful conduct, Fashioncraft has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by the Court.

74.     Defendants' sale, advertisement and promotion of Infringing Products under and/or in connection with the Copyrighted Works and PREMIUM ROAST & TOAST mark, constitutes unfair competition under Cal. Bus. & Prof. Code § 17200.

75.     Defendants' conduct constitutes unfair competition with Fashioncraft, all of which has caused and will continue to cause irreparable injury to Fashioncraft's

goodwill and reputation unless enjoined by this Court. Fashioncraft has no adequate remedy at law.

76.    In light of the foregoing, Fashioncraft is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Defendants from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendants through its wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Fashioncraft demands judgment as follows:

1.    An order and judgment that Defendants have infringed Fashioncraft's copyrights in the Copyrighted Works in violation of the Copyright Act;

2.    An order and judgment that Defendants have infringed Fashioncraft's PREMIUM ROAST & TOAST trademark in violation of Fashioncraft's rights under 15 U.S.C. § 1114, common law, and/or California law.

3.    An order and judgment that Defendants have unfairly competed with Fashioncraft in violation of Fashioncraft's rights under 15 U.S.C. § 1125(a), common law, and/or California law.

4.    An order and judgment that Defendants have acted in bad faith, willfully, intentionally, and/or with reckless disregard to Fashioncraft's intellectual property rights;

5.    A judgment that each such infringement has been willful;

6.    An award of Fashioncraft's actual damages and a disgorgement of Defendants' profits under 17 U.S.C. § 504(b) and 17 U.S.C. § 1117, as shall be determined by the jury at trial, or at Fashioncraft's election exercised prior to the entry of final judgment, an award of statutory damages in an amount to be determined by the jury, heighted by a determination of willfulness on behalf of the Defendants;

7.      An award to Fashioncraft of its costs and expenses incurred in this action, including its reasonable attorneys' fees, as authorized in 17 U.S.C. § 505 and 15 U.S.C. § 1117(a);

8.      An order awarding Plaintiff such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117;

9.      An order awarding Plaintiff all gains, profits, property and advantages derived by Defendants from Defendants' unlawful conduct and that such profits be enhanced pursuant to 17 U.S.C. § 1117;

10.     An order awarding Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

11.     An order awarding Plaintiff restitution for Defendants' unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

12.     An order awarding Plaintiff interest, including pre- and post-judgment interest, on the foregoing sums;

13.     A permanent injunction prohibiting Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from:

        (a)     directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Copyrighted Works or PREMIUM ROAST & TOAST mark or to participate or assist in any such activity; and

        (b)     directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or

electronic form, of the Copyrighted Works or PREMIUM ROAST & TOAST mark.

14.    An order directing Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above;

15.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Fashioncraft hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  February 16, 2023            Respectfully submitted,

**DUANE MORRIS LLP**

/s/ _____

Jennifer M. Lantz
Attorneys for Plaintiff
FASHIONCRAFT-EXCELLO LLC